# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MICHAEL HENDERSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. 5:22-cv-00244 |
| **AMERICAN CREDIT ACCEPTANCE, LLC** | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant American Credit Acceptance ("Defendant" or "ACA"), hereby files its Notice of Removal by and through the undersigned attorneys of record. Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, the above-captioned action is removed from the 57th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for such removal, Defendant respectfully states as follows:

## I.
## STATE COURT ACTION

1. On February 17, 2022, Michael Henderson ("Plaintiff") filed Plaintiff's Original Petition in the 57th Judicial District Court of Bexar County, Texas, styled *Michael Henderson v. American Credit Acceptance, LLC;* Cause No. 2022 C10 2885 (the "State Court Action").

2. In his Original Petition, Plaintiff seeks a declaration that his post-employment restrictive covenants are invalid and unenforceable. *See Plaintiff's Original Petition* § IV. Plaintiff's Petition seeks monetary relief of $250,000 or less. *Plaintiff's Original Petition ¶2.*

## II.
## PROCEDURAL REQUIREMENTS

1. Defendant was served with the Original Petition in the State Court Action on February 21, 2022. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty (30) days of the receipt of the initial pleading setting forth the claim for relief.

2. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 1441, 1446(a).

3. Pursuant to 28 U.S.C. §1446(a), attached hereto as *Exhibit A* is a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendant in this action.

4. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal, and will promptly file a copy of this Notice of Removal with the District Clerk of Bexar County, Texas.

**A.     Diversity Jurisdiction**

5.     A defendant may remove an action to federal court when there is complete diversity among parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a) and 1441(a).  As set forth below, complete diversity exists in this case, and the amount in controversy requirement is satisfied.  Accordingly, removal to this Court is proper.

6.     For removal purposes, a corporation is a citizen of both the state where it was incorporated and the state where it maintains its principal place of business. Plaintiff sued and served ACA. At the time this lawsuit was filed and at the time of removal, Defendant was and is a limited liability corporation organized under the laws of the State of South Carolina. ACA's principal place of business was and is in South Carolina.  The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). None of ACA's members are citizens or residents of Texas. **Ex. B, Declaration of Kyle T. Yage.** At the time this lawsuit was filed and at the time of removal, Plaintiff was and is a citizen of and resident in the State of Texas.  *See Plaintiff's Petition ¶* 3.  Thus, the adverse parties are citizens of different states and are completely diverse.

7.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See* 28 U.S.C. § 1446(c)(2)(b). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or by introducing other evidence to establish that the amount in controversy exceeds $75,000.  *Maguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).  Therefore, removal to this Court is appropriate.

8.     It is facially apparent from Plaintiff's pleading that the jurisdictional threshold has been met in this case.  Paragraph 2 states that Plaintiff seeks monetary relief of $250,000 or less.

9. By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, the expiration of any statute of limitations, bar by statute of frauds, or failure by Plaintiff to state any claim upon which relief may be granted.

### III.
### PRAYER

Wherefore, Defendant removes this action from the 57th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over this case, as provided by law.

Respectfully submitted,

By: */s/ Rachel Z. Ullrich*
Rachel Z. Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

Jeffrey A. Lehrer
South Carolina Bar No. 16687
jlehrer@fordharrison.com

**FORDHARRISON LLP**
100 Dunbar Street, Suite 300
Spartanburg, South Carolina 29306
Telephone: 864-699-1100
Facsimile: 864-699-1101

**ATTORNEYS FOR DEFENDANT
AMERICAN CREDIT ACCEPTANCE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the above and foregoing ***Defendant's Notice of Removal*** to be served via electronic mail to Plaintiff's counsel as listed below, on this 14th day of March, 2022:

Robert A. Rapp
Rapp Law Firm, P.C.
12000 Huebner Rd, Suite 101
San Antonio, Texas 78230
Robert.rapp@sbcglobal.net

*/s/ Rachel Z. Ullrich*
Rachel Z. Ullrich

WSACTIVELLP:12946632.1